NO. 23-1532

# United States Court of Appeals
*for the*
# Fourth Circuit

MOUNTAIN VALLEY PIPELINE, LLC,

*Plaintiff-Appellee,*

– v. –

8.37 ACRES OF LAND, OWNED BY FRANK H. TERRY, JR., JOHN COLES TERRY, III, AND ELIZABETH LEE TERRY also known as Elizabeth Lee Reynolds, ROANOKE COUNTY TAX MAP PARCEL NO. 102.00-01-02.00-0000 AND BEING MVP PARCEL NO. VA-RO-046,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA AT ROANOKE IN CASE
NO. 7:20-CV-00134-EKD, HONORABLE ELIZABETH KAY DILLON

**PETITION FOR REHEARING AND
PETITION FOR REHEARING EN BANC**

WADE W. MASSIE
SETH M. LAND
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, Virginia 24210
(276) 628-5151

*Attorneys for Plaintiff-Appellee*

CP COUNSEL PRESS   (800) 4-APPEAL • (810462)

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.    STATEMENT OF PURPOSE ........................................................................1

II.   STATEMENT OF CASE ...............................................................................3

     A.    The Trial ...............................................................................................3

     B.    The Appeal ..........................................................................................6

III.  ARGUMENT..................................................................................................7

     A.    The Standards of Review Are Determinative .....................................7

     B.    The Panel Did Not Follow the Standard of Review
           for Rule 50............................................................................................9

     C.    The Panel Did Not Follow the Standard of Review
           for Rule 59..........................................................................................13

IV.  CONCLUSION..............................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*,
   99 F.3d 587 (4th Cir. 1996)..................................................................................9

*Cline v. Wal-Mart Stores, Inc.*,
   144 F.3d 294 (4th Cir. 1998)..................................................................................8

*E. Tenn. Nat. Gas Co. v. 7.74 Acres*,
   228 F. App'x 323 (4th Cir. 2007) ..........................................................................8

*E. Tenn. Nat. Gas Co. v. Thomas*,
   298 F. App'x 261 (4th Cir. 2008) .................................................................. 8, 13

*Evans v. Eaton Corp. Long Term Disability Plan*,
   514 F.3d 315 (4th Cir. 2008).............................................................................. 9, 14

*Gall v. United States*,
   552 U.S. 38 (2007) ..............................................................................................14

*Gregory v. Town of Pageland*,
   374 F.2d 490 (4th Cir. 1967)..................................................................... 2, 8, 12

*In re Under Seal*,
   749 F.3d 276 (4th Cir. 2014)................................................................................11

*Konkel v. Bob Evans Farms, Inc.*,
   165 F.3d 275 (4th Cir. 1999)..................................................................................8

*Legacy Data Access, Inc. v. Cadrillion, LLC*,
   889 F.3d 158 (4th Cir. 2018)........................................................................... 2, 12

*Mathis v. Terra Renewal Servs., Inc.*,
   69 F.4th 236 (4th Cir. 2023)..............................................................................7, 8

*McBurney v. Young*,
   667 F.3d 454 (4th Cir. 2012), *aff'd*, 569 U.S. 221 (2013) ...................................11

*Myrick v. Prime Ins. Syndicate, Inc.*,
   395 F.3d 485 (4th Cir. 2005)..................................................................................7

*Ramaco Res., LLC v. Fed. Ins. Co.*,
   74 F.4th 255 (4th Cir. 2023)...................................................................................9

*Stephens v. United States*,
  235 F.2d 467 (5th Cir. 1956)..................................................................................8

*U.S. Secs. & Exch. Comm'n v. Clark*,
  60 F.4th 807 (4th Cir. 2023)...................................................................................8

*United States ex rel. TVA v. Powelson*,
  319 U.S. 266 (1943) ...............................................................................................3

*United States v. 69.1 Acres*,
  942 F.2d 290 (4th Cir. 1991)..................................................................................3

*United States v. 269 Acres*,
  995 F.3d 152 (4th Cir. 2021)..................................................................................3

*United States v. Mason*,
  52 F.3d 1286 (4th Cir. 1995)..................................................................................9

*United States v. Smoot Sand & Gravel Corp.*,
  248 F.2d 822 (4th Cir. 1957)........................................................................... 8, 10

*Weisgram v. Marley Co.*,
  528 U.S. 446 (2000) ...............................................................................................7

**Statutes and Other Authorities:**

Fed. R. App. P. 28(a)(8)(A) .......................................................................................11

Fed. R. App. P. 35 ........................................................................................................1

Fed. R. App. P. 40 ........................................................................................................1

Fed. R. Civ. P. 50 ............................................................................................. 1, 5, 7, 9

Fed. R. Civ. P. 50(a)(1)................................................................................................7

Fed. R. Civ. P. 59 ............................................................................................. 1, 8, 13

Fed. R. Civ. P. 59(a)(1)(A) ..........................................................................................8

9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*
  § 2521 (2d ed. 1995) ..............................................................................................7

The Appraisal Foundation, *The Appraisal of Real Estate* (15th ed. 2020) .............13

Pursuant to Fed. R. App. P. 35 and 40, plaintiff-appellee Mountain Valley Pipeline, LLC ("MVP") respectfully submits this petition for rehearing and petition for rehearing en banc from the opinion and judgment of the panel reversing, vacating, and remanding the case to the district court on the amount of just compensation to be paid to Frank H. Terry, Jr., John Coles Terry, and Elizabeth Lee Terry (the "Terrys").

I. STATEMENT OF PURPOSE

In counsel's judgment, this petition presents issues of exceptional importance for not only the Fourth Circuit but for all appellate courts: How should the standards of review be applied? In considering an order under Rule 50 granting judgment as a matter of law, what constitutes substantial evidence? When is a verdict within the range of credited testimony? Is any evidence sufficient? Can the jury mix the numbers of different appraisers and come up with their own valuation? In reviewing an order under Rule 59 granting a new trial because the verdict is against the clear weight of the evidence, what constitutes an abuse of discretion by the district judge? Is an appellate court free to reweigh the evidence? Can an appellate court reverse the district judge because it disagrees with some of her reasons?

In this case, the panel's opinion recited the generally applicable standards of review, but it did not follow them. The panel found that the verdict

was within the range of credited testimony even though the verdict was more than twice the highest appraisal. The panel justified this result on the ground that "the jury may accept or reject any part of an expert's testimony," Doc. 43 at 14, but this does not mean that a jury can create an entirely new valuation that is beyond the testimony of any of the experts, which is what happened here.

The panel's opinion thus conflicts with this Court's decision in *Gregory v. Town of Pageland*, 374 F.2d 490, 493 (4th Cir. 1967), which held that an award in a condemnation case could not exceed the highest appraisal in the case. The panel's opinion also conflicts with this Court's decision in *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 168 (4th Cir. 2018), which held that the jury's award of damages in a breach of contract case could not be below the lowest appraisal of damages in the case. Based on these cases, the verdict must be in the range of the appraisals. The panel did not cite or discuss either of these cases in its opinion.

The panel not only reversed the district judge's judgment on just compensation, it also reversed her conditional ruling to grant a new trial. Whether to grant a new trial is a question entrusted entirely to the sound discretion of the district judge. Because the district judge is the one who saw and heard the witnesses, this Court must give the district judge's decision the benefit of every doubt. Instead, in its opinion, the panel reweighed the evidence based on the paper

record and reversed a carefully reasoned decision of the judge who conducted the trial.

The standards of review are not some set of abstract principles that must be included in an opinion. They are, instead, the foundations of appellate review that must be followed in every case. That did not happen here. MVP therefore moves the Court to grant rehearing and to grant rehearing en banc.

II. STATEMENT OF CASE

*A. The Trial*

The issue at trial was the amount of just compensation due for the easements being taken by MVP. On that issue, the Terrys had the burden of proof. *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273 (1943); *United States v. 69.1 Acres*, 942 F.2d 290, 292 (4th Cir. 1991). The general measure of damages is the difference in fair market value of the property before and after the taking. *United States v. 269 Acres*, 995 F.3d 152, 163 (4th Cir. 2021).

At trial, the Terrys called two appraisers as expert witnesses. The first appraiser was Dennis Gruelle. Gruelle testified that the highest and best use of the property was for a wind farm and that the property was worth $1,900,000 before the taking. JA 591, JA 635. Gruelle was not permitted to give any opinions on the value of the property after the taking because Gruelle had admitted that the project did not diminish the value of the property for a wind farm and the district judge

3

found that Gruelle's attempt to change his testimony was unreliable and untimely. JA 337-340, JA 548-553. On appeal, the Terrys do not contest this ruling.

The Terrys next called Jared Schweitzer, who testified that the highest and best use of the property was residential and recreational. JA 715, JA 725-726. On direct examination, the Terrys asked Schweitzer to provide his percentage diminution—30%—but they did not ask him for his before value or his after value. JA 733. On cross-examination, MVP asked Schweitzer for his before and after values. Schweitzer testified that he appraised the property as having a before value of $850,000 and an after value of $590,932 for a diminution in value of $259,068. JA 734. Adding the value of the temporary easements resulted in total just compensation of $261,033, according to Schweitzer. JA 734, JA 738.

In its case, MVP called Joe Thompson as its expert on real estate valuation. Thompson testified that the highest and best use of the property was residential and recreational. JA 828-829. Thompson found that the property was worth $1,200,000 before the taking. JA 788. Using a 12% diminution, Thompson valued the property after the taking at $1,050,000, for a difference in value of $150,000. JA 797. With the temporary easements, Thompson found total just compensation in the amount of $151,870. JA 800.

4

These were the only opinions on just compensation. The jury, however, returned a verdict for $523,327—more than twice the highest appraisal in evidence. JA 1049.

Following the trial, the district court granted MVP's motion for judgment and set just compensation in the amount of $261,033 based on the highest appraisal in evidence. JA 1266-1267, JA 1271. The district court also conditionally granted MVP's motion for a new trial on the ground that the verdict was against the clear weight of the evidence. JA 1267, JA 1271.

In her memorandum opinion, Judge Dillon summarized the testimony at trial, identified the applicable standard for review under Rule 50 and relevant case law, and found that the verdict was not within the range of credited testimony. JA 1266. In support of her conclusion, the Judge noted that Gruelle based his before value on a commercial use and that there was no evidence that the MVP project had any impact on a commercial use. JA 1266. The other appraisers testified that the highest and best use of the property was residential and recreational, and, while the project diminished the value of that use, the range of diminution was from $151,870 to $261,033—far below the jury's verdict. JA 1260. Judge Dillon rejected the Terrys' argument that the jury could validly apply Schweitzer's diminution in value of 30% to Gruelle's before value. JA 1266. In

5

her opinion, Judge Dillon found "there was no credible evidence to support the verdict and the verdict was not within the range of credited testimony." JA 1266.

Judge Dillon also conditionally granted MVP's motion for a new trial. JA 1267. Based on testimony that she heard, Judge Dillon found that the verdict was against "the clear weight of the evidence." JA 1267 The Judge noted that the verdict was more than twice the highest opinion on diminution in value. JA 1268. In the Judge's view, a new trial was necessary to avoid "a miscarriage of justice." JA 1268.

### B. *The Appeal*

Following oral argument, the panel reversed the district court's decision to enter judgment, and it also reversed the district court's conditional decision to award a new trial. Doc. 43. The panel concluded that "the jury may accept or reject any part of an expert's testimony and remain within the range of credited testimony even if it does not adopt any one expert's testimony." *Id*. at 14-15. According to the panel, the jury could have reached its verdict "without improperly mixing commercial and residential valuations." *Id*. at 15. The panel cited a theoretical valuation that the Terrys presented—for the first time—at oral argument. The valuation was based on one of Gruelle's comparable sales. This sale was a residential sale that Gruelle adjusted from $1,999 per acre to $2,594 per acre. According to the theory, the jury could have taken this number, added

6

Gruelle's value for improvements, applied Schweitzer's 30% diminution, and then added Thompson's value for the temporary easements and ended up within "a mere two dollars" of the jury's verdict. Doc. 43 at 15-16.

The panel also ruled that Judge Dillon's decision to grant a new trial was an abuse of discretion. Doc. 43 at 16-17. The panel's entire justification for doing so consists of a single sentence: "Because the district court relied on an erroneous factual premise—that the jury's award resulted from improperly mixing expert testimony—we hold that it abused its discretion in granting a new trial." *Id*.

III. ARGUMENT

    *A.    The Standards of Review Are Determinative*

Under Rule 50, a district court may grant judgment against a party when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party . . . ." Fed. R. Civ. P. 50(a)(1). A trial court may remove a case from the jury "'when the facts are sufficiently clear that the law requires a particular result.'" *Weisgram v. Marley Co.*, 528 U.S. 446, 448 (2000) (quoting 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2521, p. 240 (2d ed. 1995)). Where the verdict in favor of the nonmoving party "would necessarily be based upon speculation and conjecture, judgment as a matter of law must be entered." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005); *see Mathis v. Terra Renewal Servs., Inc.*, 69 F.4th 236, 242 (4th Cir. 2023).

7

The party opposing a motion for judgment "must present more than a scintilla of evidence to support its claim." *U.S. Secs. & Exch. Comm'n v. Clark*, 60 F.4th 807, 812 (4th Cir. 2023). On appeal, the review of a decision to grant a motion for judgment is de novo. *Mathis*, 69 F.4th at 242; *Clark*, 60 F.4th at 812.

A jury's verdict must be supported by substantial evidence. *Konkel v. Bob Evans Farms, Inc.*, 165 F.3d 275, 279 (4th Cir. 1999). In condemnation cases, the Fourth Circuit has looked to see if the verdict is "within the range of the credited testimony." *United States v. Smoot Sand & Gravel Corp.*, 248 F.2d 822, 829 (4th Cir. 1957) (citing *Stephens v. United States*, 235 F.2d 467, 471 (5th Cir. 1956)); *see E. Tenn. Nat. Gas Co. v. 7.74 Acres*, 228 F. App'x 323, 330 (4th Cir. 2007) (applying rule); *Gregory,* 374 F.2d. at 493.

Under Rule 59, a district court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Thus, a new trial may be granted when "(1) the verdict is against the clear weight of the evidence, (2) the verdict is based on evidence which is false, or (3) the verdict will result in a miscarriage of justice." *E. Tenn. Nat. Gas Co. v. Thomas*, 298 F. App'x 261, 263 (4th Cir. 2008). Under Rule 59, "a court may properly weigh the strength of the evidence and consider the credibility of witnesses." *Id.*; *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 305 (4th Cir. 1998).

This Court reviews the granting of a motion for new trial for an abuse of discretion, giving the benefit of every doubt to the judgment of the trial judge. *Ramaco Res., LLC v. Fed. Ins. Co.*, 74 F.4th 255, 266 (4th Cir. 2023); *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). "Under the abuse of discretion standard, this Court may not substitute its judgment for that of the district court; rather, we must determine whether the court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995).

In any appeal, one must keep in mind the essential purpose of standards of review.

> The purpose of standards of review is to focus reviewing courts upon their proper role when passing on the conduct of other decision-makers. Standards of review are thus an elemental expression of judicial restraint, which, in their deferential varieties, safeguard the superior vantage points of those entrusted with primary decisional responsibility.

*Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 320-21 (4th Cir. 2008).

### B. The Panel Did Not Follow the Standard of Review for Rule 50

While the panel cited the applicable standards of review, it did not follow them. Instead, the panel reversed the district court on the theory that it is permissible for a jury in a condemnation case to mix different elements of value

9

from different appraisals and reach a compensation award that is beyond any of the appraisals.

The panel cited only one case, *Smoot*, 248 F.2d at 829, to support its conclusion that mixing of different appraisals is proper. Doc. 43 at 14-15. But *Smoot* does not support the panel's conclusion. The property being valued in *Smoot* consisted of two types of land—fast land and submerged land. The range of credited testimony for the fast land was from $25,000 to $890,000, and the range of credited testimony for the submerged land was $0 to $688,000. The verdict was $40,000 for the fast land and $50,000 for the submerged land. While the jury did not adopt either party's valuation, the verdict was within the range of credited testimony.

In this case, the verdict was outside all the valuations. Gruelle had no diminution in value. Schweitzer had a diminution in value of $261,033. Thompson had a diminution in value of $151,870. The verdict was double the highest valuation.

The panel justified this result with a theoretical valuation consisting of the following elements:

- A comparable land sale from Gruelle for $1,999 per acre that he adjusted up to $2,594 per acre. JA 1115-1116.

- The value of improvements as determined by Gruelle, which was $281,400. JA 114, JA 120.

10

- The percentage diminution in value used by Schweitzer, which was 30%. JA 733.

- The value that Thompson used for the temporary easements, $3,117. JA 798-799, JA 1152.

Doc. 43 at 15-16. Add all these elements up, and voila, you can come within two dollars of the jury's verdict. *Id*.

Under established rules, this argument should not have been considered by the panel. The argument was not made in the district court. The argument was not made in appellants' opening brief. And the argument was not even made in a reply brief. The argument was first presented at oral argument. *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014); *McBurney v. Young*, 667 F.3d 454, 470 (4th Cir. 2012), *aff'd*, 569 U.S. 221 (2013); Fed. R. App. P. 28(a)(8)(A). Yet, the Court adopted the argument as the basis for its decision.

The theoretical valuation is not the valuation of anyone. It's not the valuation of Gruelle. It's not the valuation of Schweitzer. And it's not the valuation of Thompson. It's just a made-up number.

The panel concluded that the verdict was within the range of credited testimony because the mixing did not necessarily involve different highest and best uses. Doc. 43 at 16. In other words, while the mixing of numbers for different highest and best uses may be a problem, the panel concluded that did not occur in this case.

The fact is, however, that Gruelle based his before valuation on a wind farm as being the highest and best use. JA 591. Thus, the fact that the property had a 138 kV powerline over it was an advantage not a detriment. JA 583. A property having a highest and best use as a wind farm would have no diminution in value. JA 656, JA 1266. Yet, the panel found it was proper to diminish Gruelle's numbers.

The mixing of different appraisal numbers is a problem, however, even if the highest and best uses in those appraisals are the same. Take this example: Suppose Appraiser A has a before value of $1,000,000 and an after value of $900,000 for a diminution of 10% and just compensation of $100,000. Suppose Appraiser B has a before value of $600,000 and an after value of $450,000 for a diminution of 25% and just compensation of $150,000. What is the range of credited testimony? Is it $100,000 to $150,000? Or can the jury award $250,000 ($1,000,000 times .25)? Under the panel's decision, the award can be $250,000, which is $100,000 more than the highest appraisal of just compensation.

In *Gregory*, 374 F.2d at 493, the Court held, in a condemnation case, that the jury's verdict *could not be above* the highest appraisal. And in *Legacy Data Access,* 889 F.3d at 168, the Court held, in a contract case, the damages *could not be below* the lowest appraisal. In other words, the verdict must be in the range of the appraisals. Yet, the panel's opinion allows the jury to go outside the range.

An appraisal is not a set of fungible numbers that can be selected and reassembled in any manner; it is, instead, an expert opinion on value. The Appraisal Foundation, *The Appraisal of Real Estate* 1-2, 6 (15th ed. 2020). The district court correctly held that the range of credited testimony is the range of opinions on value.

### C. The Panel Did Not Follow the Standard of Review for Rule 59

The panel also reversed the district court's decision conditionally granting a new trial. The panel concluded that the district court erroneously found that the verdict resulted from improper mixing of expert testimony. Doc. 43 at 16-17. Because in the panel's judgment, the verdict may not have resulted from improper mixing, the district court was wrong to set it aside.

What the panel failed to recognize, however, is that a district court is authorized to set aside the verdict whenever it finds the verdict to be against the weight of the evidence—even when the verdict is within the range of credited testimony. *See, e.g., E. Tenn.*, 298 F. App'x at 263-64. Just because the verdict is within the range does not mean that the district court cannot order a new trial.

In her memorandum opinion, Judge Dillon described the testimony of each of the appraisers and noted that only two of the appraisers gave opinions on the amount of just compensation. JA 1263. Judge Dillon found that the verdict was not only outside the range of credited testimony, it was against the clear

13

weight of the evidence—both. JA 1266-1267. Judge Dillon also found that a new trial was necessary to avoid a miscarriage of justice. JA 1268. These were calls for Judge Dillon to make—not the panel. As in *Gall v. United States*, 552 U.S. 38, 56 (2007), "[a]lthough the Court of Appeals correctly stated that the appropriate standard of review was abuse of discretion, it engaged in an analysis that more closely resembled *de novo* review of the facts . . . ." In so doing, the panel deviated from its proper role as an appellate court. *Evans*, 514 F.3d at 320-21.

IV. CONCLUSION

For the foregoing reasons, the Court should grant rehearing and grant rehearing en banc.

                              Respectfully submitted,

                              MOUNTAIN VALLEY PIPELINE, LLC

                              By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
      Wade W. Massie

14

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments) this brief contains 3301 words.

This brief complies with the typeface and type style requirements because it has been prepared in a proportionally spaced typeface using Word in 14 point Times New Roman font.

*/s/ Wade W. Massie*
Wade W. Massie

CERTIFICATE OF SERVICE

I certify that on May 28, 2024, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

*/s/ Wade W. Massie*
Wade W. Massie